# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕮𝖔𝖚𝖗𝖙 𝖋𝖔𝖗 𝖙𝖍𝖊 𝕾𝖔𝖚𝖙𝖍𝖊𝖗𝖓 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝖔𝖋 𝕲𝖊𝖔𝖗𝖌𝖎𝖆 𝕭𝖗𝖚𝖓𝖘𝖜𝖎𝖈𝖐 𝕯𝖎𝖛𝖎𝖘𝖎𝖔𝖓

| | | |
|---|---|---|
| BANK OF THE OZARKS, | * | |
| Plaintiff, | * | |
| vs. | * | CV 212-0014 |
| JAMES G. TIMBES, | * | |
| Defendant. | * | |

**ORDER**

Presently before the Court is Plaintiff's Motion for Summary Judgment.  See Dkt. No. 28.  Upon due consideration, Plaintiff's Motion for Summary Judgment is **GRANTED**.

I.  **INTRODUCTION**

This action is predicated on the alleged default on promissory notes signed by Defendant.  Plaintiff filed this action to recover monies due under notes executed and delivered by Defendant.

1

AO 72A
(Rev. 8/82)

## II. FACTUAL BACKGROUND

The material facts are not in dispute.[1] See Dkt. Nos. 1, 11, 28, 37. Defendant executed five notes. Dkt. No. 28-2, at 4-14. All relevant documents were signed in favor of Oglethorpe Bank or assigned to Oglethorpe Bank. Id. On or about January 14, 2011, the Georgia Department of Banking and Finance closed Oglethorpe Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as its receiver. Id. ¶¶ 50-51. Subsequently, the FDIC assigned the notes and related loan documents to Plaintiff. Id. ¶¶ 52-55. Pertinent details regarding each note are provided below.

### A. First and Second Notes

Defendant executed and delivered two (2) Promissory Notes in favor of Branch Banking and Trust Company ("BB&T"). Id. ¶¶ 6, 16. The original principal amount of the First Note was $350,000.00. Id. ¶ 6. The original principal amount of the Second Note was $620,000.00. Id. ¶ 6, 16.

---

[1] Defendant's response to Plaintiff's First Request for Admissions admits the material facts in this case but denies "any underlying allegations of negligence." See Dkt. No. 28-3, Exs. B-1, B-2. This is a breach of contract case; therefore, Defendant's denials as to his negligence are irrelevant. As such, Defendant admitted the relevant facts in this case.

The Notes oblige Defendant to timely pay BB&T all amounts due under the Notes, including principal, interest, and other charges due. Id. ¶¶ 7, 17. The Notes further provide for payment of the costs and expenses of collection of indebtedness, including reasonable attorney's fees pursuant to O.C.G.A. § 13-1-11. Id. ¶¶ 8, 18.

Defendant's performance under the Notes is secured by Security Deeds. Id. ¶¶ 9-11, 19-21. BB&T transferred, assigned, and conveyed all of its rights, title, and interest in these Notes and the Notes' Security Deeds to Oglethorpe Bank. Id. ¶¶ 14, 24.

B. Third, Fourth, and Fifth Notes

Defendant executed and delivered three (3) Universal Notes in favor of Oglethorpe Bank. Id. ¶¶ 26, 34, 42. The original principal amount of the Third Note was $982,000.00. Id. ¶ 26. The original principal amount of the Fourth Note was $940,768.80. Id. ¶ 34. The original principal amount of the Fifth Note was $950,000.00. Id. ¶ 42.

The Notes oblige Defendant to timely pay Oglethorpe Bank, or its successor, all amounts due under the Notes, including principal, interest, and other charges due. Id. ¶¶ 27, 35, 43.

3

The Notes further provide for payment of the costs and expenses of collection of indebtedness, including fifteen (15) percent of the unpaid principle and accrued interest as attorney's fees pursuant to O.C.G.A. § 13-1-11. Id. ¶¶ 28, 36, 44. Defendant's performance under the Notes is secured by Security Deeds. Id. ¶¶ 29-31, 37-39, 45-47.

C. Default and Amounts Owed

Defendant is in default under his obligations on all five (5) notes.[2] Id. ¶¶ 56, 60, 64, 68, 72. Plaintiff notified Defendant of his default and of Plaintiff's intention to enforce the attorney's fees provisions of the notes. Id. ¶¶ 57, 61, 65, 69, 73. As of September 25, 2012, Defendant's indebtedness—not including Plaintiff's collection costs—is as follows:

---

[2] Defendant has produced no evidence contradicting Plaintiff's assertion that he is in default.

4

- First Note:[3]
    - Outstanding Principal:   $327,095.00;
    - Accrued Interest:        $ 61,729.84;[4]
    - Late Charges:            $    202.26; and
    - Appraisal Fees:          $  7,000.00.
- Second Note:[5]
    - Outstanding Principal:   $574,090.17;
    - Accrued Interest:        $107,035.92;[6]
    - Late Charges:            $    351.74; and
    - Appraisal Fees:          $  2,500.00.
- Third Note:[7]
    - Outstanding Principal:   $975,042.44;
    - Accrued Interest:        $116,858.94;[8] and
    - Late Charges:            $  5,247.76.

---

[3] Dkt. No. 28-2 ¶ 58.
[4] Interest continues to accrue on the unpaid principal at the rate of $74.95 per day from September 26, 2012 through the date of this Order. Id. Post-judgment interest accrues pursuant to federal law.
[5] Id. ¶ 62.
[6] Interest continues to accrue on the unpaid principal at the rate of $131.56 per day from September 26, 2012 through the date of this Order. Id. Post-judgment interest accrues pursuant to federal law.
[7] Id. ¶ 66.
[8] Interest continues to accrue on the unpaid principal at the rate of $106.51 per day from September 26, 2012 through the date of this Order. Id. Post-judgment interest accrues pursuant to federal law.

AO 72A
(Rev. 8/82)

- Fourth Note:[9]
    - Outstanding Principal:   $938,302.75;
    - Accrued Interest:        $142,057.25;[10] and
    - Late Charges:            $   1,200.00.
- Fifth Note:[11]
    - Outstanding Principal:   $948,800.00;
    - Accrued Interest:        $128,835.23;[12] and
    - Late Charges:            $   1,296.58.

## III. PROCEDURAL BACKGROUND

Plaintiff filed this action to recover on the notes, alleging that Defendant is in default. See Dkt. No. 1. Defendant filed an answer. See Dkt. No. 11. In his answer, Defendant asserted several defenses and counterclaims. Id. Plaintiff filed a motion to dismiss the counterclaims and strike various affirmative defenses raised in Defendant's answer. See Dkt. No. 19. This motion is pending.

---

[9] Id. ¶ 70.
[10] Interest continues to accrue on the unpaid principal at the rate of $128.18 per day from September 26, 2012 through the date of this Order. Id. Post-judgment interest accrues pursuant to federal law.
[11] Id. ¶ 74.
[12] Interest continues to accrue on the unpaid principal at the rate of $116.66 per day from September 26, 2012 through the date of this Order. Id. Post-judgment interest accrues pursuant to federal law.

AO 72A
(Rev. 8/82)

Discovery commenced and is now closed. Plaintiff filed a motion for summary judgment on Counts I-V (breach of contract on five notes) and Counts XI-XV (attorney's fees to collect on the notes) of its Complaint and on all counterclaims in Defendant's Answer. See Dkt. No. 28. Defendant filed a response. See Dkt. No. 37.

## IV.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T.

7

Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

**V.   DISCUSSION**

A. Plaintiff's Claims

   1.   Breach of Note

Plaintiff is entitled to summary judgment with respect to its Breach of Note claims (Counts I-V). Specifically, Plaintiff presented evidence of its prima facie case, and Defendant

AO 72A
(Rev. 8/82)

admitted the truth of this evidence. See Dkt. Nos. 28-2; 28-3 Ex. B-3.[13] Plaintiff's evidence shows that Defendant is in default on all of these notes. See supra Part II. Plaintiff's evidence also shows that, as of September 25, 2012, Defendant owes $396,027.10 on the First Note;[14] $683,977.83 on the Second Note;[15] $1,097,149.14 on the Third Note;[16] $1,081,560.00 on the Fourth Note;[17] and $1,078,931.81 on the Fifth Note.[18]

---

[13] The Court also notes that, in accordance with Local Rule 56.1, Plaintiff provided a Statement of Undisputed Material Facts to support its motion for summary judgment. See Dkt. No. 28-2. Defendant's response to this motion did not dispute these material facts. See Dkt. No. 37. Consequently, these facts are deemed admitted. See Local Rule 51.6.

[14] Specifically, Defendant owes $327,095.00 for unpaid past principal; $61,729.84 for unpaid interest on the principal; $202.26 in late charges; and $7,000.00 for appraisal fees paid by Plaintiff. See supra Part II.C. The interest continues to accrue through the date of this Order. See supra Note 4.

[15] Specifically, Defendant owes $574,090.17 for unpaid past principal; $107,035.92 for unpaid interest on the principal; $351.74 in late charges; and $2,500.00 for appraisal fees paid by Plaintiff. See supra Part II.C. The interest continues to accrue through the date of this Order. See supra Note 6.

[16] Specifically, Defendant owes $975,042.44 for unpaid past principal; $116,858.94 for unpaid interest on the principal; and $5,247.76 in late charges. See supra Part II.C. The interest continues to accrue through the date of this Order. See supra Note 8.

[17] Specifically, Defendant owes $938,302.75 for unpaid past principal; $142,057.25 for unpaid interest on the principal; and $1,200.00 in late charges. See supra Part II.C. The interest continues to accrue through the date of this Order. See supra Note 10.

[18] Specifically, Defendant owes $948,800.00 for unpaid past principal; $128,835.23 for unpaid interest on the principal; and $1,296.58 in late charges. See supra Part II.C. The interest continues to accrue through the date of this Order. See supra Note 12.

AO 72A
(Rev. 8/82)

2. Attorney's Fees

Plaintiff's evidence shows that it is entitled to attorney's fees pursuant to O.C.G.A. § 13-1-11(a), which provides:

> Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to the following provisions:
>
> (1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness.
>
> (2) If such note or other evidence of indebtedness provides for the payment of reasonable attorney's fees without specifying any specific percent, such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00.

Plaintiff established that Notes 1 and 2 provided for the payment of reasonable attorney's fees but did not specify the fee. Dkt. No. 28-2 ¶¶ 8, 18. Therefore, the fees owed are

calculated according to O.C.G.A. § 13-1-11(a)(2). Specifically, Defendant owes $39,484.60 in attorney's fees for the First Note and $69,150.62 in attorney's fees for the Second Note.[19]

Plaintiff established that Notes 3, 4, and 5 provided for the payment of court costs and fifteen percent of the unpaid principal and accrued interest. Dkt. No. 28-2 ¶¶ 28, 36, 44. Therefore, the fees owed are calculated according to O.C.G.A. § 13-1-11(a)(1). Specifically, Defendant owes $165,015.40 in attorney's fees for the Third Note; $163,534.48 in attorney's fees for the Fourth Note; and $162,992.71 in attorney's fees for the Fifth Note.[20]

3. Conclusion

Plaintiff established its prima facie case. Defendant provided no evidence supporting any of its defenses. Consequently, the Court finds that Defendant owes Plaintiff a total of $4,980,778.90 in damages.

---

[19] Attorney's fees for Notes 1 and 2 are derived by adding two values, each of which is calculated as follows: (1) adding the principal and interest due on the loan, subtracting $500, and multiplying this number by ten (10) percent and (2) multiplying $500 by fifteen (15) percent. See O.C.G.A. § 13-1-11(a)(2).
[20] Attorney's fees for Notes 3, 4, and 5 are derived by adding the principal and interest due on the loan and multiplying this number by fifteen (15) percent. See O.C.G.A. § 13-1-11(a)(1).

11

B. <u>Defendant's Counterclaims</u>

Defendant asserted five (5) counterclaims: unclean hands, detrimental reliance, unjust enrichment, negligence, and coercion.[21] <u>See</u> Dkt. No. 11, at 31-34. However, Defendant provided no evidence in support of his claims.

Though no evidence is in the record, Defendant asserts that the former loan officer at Oglethorpe Bank, Mr. Robert Strange, can testify as to the prior dealings and meetings between Defendant and Oglethorpe Bank. <u>See</u> Dkt. No. 28-3, Ex. B-3. Such oral representations are barred by the <u>D'Oench</u> doctrine. <u>See</u> <u>D'Oench, Duhme & Co. v. FDIC</u>, 315 U.S. 447 (1942); <u>Baumann v. Savers Fed. Sav. & Loan Ass'n</u>, 934 F.2d 1506, 1515 (11th Cir. 1991) ("In a suit over the enforcement of an agreement originally executed between an insured depository institution and a private party, a private party may not enforce against a federal deposit insurer any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the

---

[21] Because it is not necessary to rule on Plaintiff's motion, the Court does not consider whether these counterclaims are more appropriately brought as affirmative defenses.

12

institution's records."). Therefore, even if Defendant had presented evidence of these oral representations, Defendant's counterclaims would still fail. Consequently, Plaintiff is entitled to summary judgment on Defendant's counterclaims.

**VI.   CONCLUSION**

For the reasons stated above, this Court finds that there are no disputes of material fact remaining. This Court further finds that Defendant is in default under the five (5) notes and has failed to provide any basis for his asserted defenses. Finally, the Court finds that Defendant failed to produce evidence supporting his counterclaims.

Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 28) on Counts I-V and Counts XI-XV is **GRANTED**. Plaintiff's Motion for Summary Judgment (Dkt. No. 28) on Defendant's Counterclaims is **GRANTED**. As such, Defendant's counterclaims (Dkt. No. 11) are **DISMISSED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant in the amount of:

1. $3,763,330.36 for unpaid principal;
2. $599,472.40 for unpaid interest;

13

AO 72A
(Rev. 8/82)

3. $8,298.34 for late fees;

4. $9,500.00 for appraisal fees; and

5. $600,177.80 for attorney's fees.

Counts VI-X of Plaintiff's Complaint (Dkt. No. 1) are **DISMISSED** as moot.  Plaintiff's Motion to Dismiss (Dkt. No. 19) is also **DISMISSED** as moot.  The Clerk of Court is instructed to enter an appropriate judgment.

**SO ORDERED**, this 11th day of December, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)